UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEE E. SZYMBORSKI, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>SPRING MOUNTAIN TREATMENT )<br>CENTER, DARRYL DUBROCA in his )<br>official capacity, DOES I-XX, inclusive, and, )<br>ROE CORPORATIONS I-XX, inclusive, )<br>)<br>Defendants. ) | Case No.: 2:15-cv-00889-GMN-CWH<br><br>**ORDER** |

Pending before the Court is a Motion for Summary Judgment (ECF No. 13) filed by Defendant Spring Mountain Treatment Center and Defendant Darryl Dubroca in his official capacity (collectively, "Defendants"). Plaintiff Lee E. Szymborski ("Plaintiff") filed a Response (ECF No. 20), and Defendants filed a Reply (ECF No. 22). For the reasons discussed below, Defendants' Motion for Summary Judgment is **GRANTED**.

**I.    BACKGROUND**

This case centers upon Plaintiff's allegation that Defendants improperly discharged Plaintiff's son, Sean, to Plaintiff's home when Plaintiff was not present. (Compl. ¶¶ 1–2, ECF No. 7). Plaintiff alleges Defendants' improper discharge violates 15 U.S.C. § 1395dd, the Emergency Medical Treatment and Active Labor Act ("EMTALA"), which requires a hospital's medical staff "stabilize the patient before transferring or discharging the patient." (*See* Compl. ¶¶ 1–2). Plaintiff requests damages in excess of two billion dollars. (*Id.* at 4:16–21).

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship.*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is to "isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–324 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and

the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

Defendants argue Plaintiff's sole claim against them, "Clarified EMTALA Violations," fails because Defendant Spring Mountain Treatment Center does not have an emergency department and does not provide emergency services, and because Defendant Darryl Dubroca is an individual rather than a hospital and, accordingly, cannot be found liable for EMTALA violations under the relevant statute. (Mot. Summ. J. 3:1–7, ECF No. 13).

Pursuant to EMTALA, "If an individual seeks emergency care from a hospital with an emergency room and if that hospital participates in the Medicare program, then 'the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department ... to determine whether or not an emergency medical condition ... exists.'" *Bryant v. Adventist Health System West*, 289 F.3d 1162, 1165 (9th Cir. 2002) (quoting 42 U.S.C. § 1395dd(a)).  If the hospital's medical staff determines that there is an emergency medical condition, then the staff generally must "stabilize the patient before transferring or discharging the patient." *Id.* (citing 42 U.S.C. § 1395dd(b)(1)).

Here, Defendant Spring Mountain Treatment Center is a psychiatric hospital. (Dubroca Decl. ¶1, Ex. A to Mot. Summ. J., ECF No. 13).  It does not currently, nor has it ever had a hospital emergency room. (*Id.* at ¶¶ 2–3).  Additionally, Spring Mountain Treatment Center is not licensed by the State of Nevada as an emergency room or emergency department, posts a sign at its facility stating it is not an emergency room, and does not hold itself out to the public as providing care for emergency medical conditions on an urgent basis without a previously scheduled appointment. (Dubroca Decl. ¶¶ 2–4, Ex. A to Reply, ECF No. 22).  Therefore, Defendant Spring Mountain Treatment Center is not subject to EMTALA's provision which prohibits a hospital's medical staff from transferring or discharging a patient before that patient's medical condition is stabilized. *See Correa v. Hospital San Francisco*, 69 F.3d 1184, 1190 (1st Cir. 1995) ("To establish an EMTALA violation, a plaintiff must show that . . . the hospital is a participating hospital, covered by EMTALA, that operates an emergency department (or an equivalent treatment facility).").  Plaintiff has provided the Court with documents explaining Spring Mountain Treatment Center's Adult In Patient Program, (Ex. A-1 to Resp. to Mot. Summ. J., ECF No. 20-1), as well as an article detailing the implications for hospitals and physicians regarding EMTALA's enactment, (Zibulewsky Article, Ex. A to Am. Compl., ECF No. 7-1).  However, Plaintiff does not provide the Court with any evidence suggesting Spring

Mountain Treatment Center is a hospital with an emergency department, or that Spring Mountain Treatment Center provides any emergency medical treatment. Because EMTALA applies to "a hospital with a hospital emergency department," Plaintiff has not shown any genuine issue of material fact exists as to whether Spring Mountain Treatment Center is subject to liability pursuant to EMTALA. 42 U.S.C. § 1395dd(a).

Further, regarding Plaintiff's claim as it relates to Defendant Darryl Dubroca, EMTALA's "Civil Enforcement" provisions only allow an individual to recover damages against a participating hospital, not another individual. 42 U.S.C. § 1395dd(C)(2)(A). As such, Defendant Darry Dubroca is not liable to Plaintiff under EMTALA's "Civil Enforcement" provisions. Accordingly, no genuine issue of material fact exists as to whether Defendants are subject to liability under EMTALA, and summary judgment is granted in Defendants' favor as to Plaintiff's sole claim of "clarified EMTALA violations."

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**. Accordingly, Plaintiff's Complaint fails as a matter of law.

The Clerk of the Court shall enter judgment accordingly.

**DATED** this __28__ day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court